OPINION
Defendant-appellant Jeff Hauenstein appeals from the July 9, 2001, Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, which adjudicated him a delinquent child. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 5, 2001, a Complaint was filed in the Tuscarawas County Court of Common Pleas, Juvenile Division, alleging that Jeff Hauenstein [hereinafter appellant] was a delinquent child by virtue of having obtained, possessed or used a controlled substance, to-wit: marijuana, in violation of R.C. 2925.11(A), and having used, or possessed with purpose to use, drug paraphernalia, to-wit: rolling papers and scissors, in violation of R.C. 2925.14(C)(1). The matter proceeded to an adjudicatory hearing on July 6, 2001.
At the adjudicatory hearing, the State presented evidence that appellant possessed marijuana and drug paraphernalia in Uhrichsville, Tuscarawas County, Ohio, on December 30, 2000. According to the arresting officer, Todd Carr of the Uhrichsville Police Department, he stopped a vehicle being driven by Curtis Matthews. Appellant was a passenger in Matthews' vehicle. After making the stop, Officer Carr detected the odor of marijuana. Upon investigation and a search of appellant, Officer Carr found a bag of marijuana in appellant's right front pants pocket and a bag containing rolling papers, scissors and what appeared to be a rolled marijuana cigarette in appellant's coat pocket. The scissors had what appeared to be marijuana residue on them.
Subsequent to the arrest but prior to trial, Officer Carr field-tested the substance in the bag found in appellant's pants pocket. The field test indicated that it was marijuana. The substance was also tested by James P. Myers. Myers is certified for testing marijuana. Myers testified that he tested the alleged marijuana using two different procedures. Both procedures indicated the substance was indeed marijuana. Myers further testified that scissors and rolling papers are used in rolling marijuana cigarettes.
Appellant testified on his own behalf. Appellant claimed that he did not use nor possess any marijuana on the night in question. He also testified that he did not possess any scissors or rolling papers. Appellant's father, Jeff A. Hauenstein, testified that when he picked his son up at the Uhrichsville Police Department, Officer Carr did not mention the discovery of any marijuana or drug paraphernalia in his son's possession. Lucas Matthews, another passenger in the vehicle with appellant, testified that appellant was smoking marijuana in the vehicle but claimed that all appellant possessed at the time of appellant's arrest were cigarettes. Matthews denied that appellant had provided the rolling papers to roll the marijuana cigarettes and claimed another passenger in the vehicle had possessed the marijuana, scissors and rolling papers. Further, Matthews did not know where they were exactly when they were smoking the marijuana.
Following the close of evidence, the trial court found beyond a reasonable doubt that appellant violated R.C. 2925.11(A), possession of marijuana, and R.C. 2925.14(C)(1), possession of drug paraphernalia. By Judgment Entry filed July 9, 2001, appellant was found to be a delinquent child, pursuant to R.C. 2151.02.
It is from the July 9, 2001, Judgment Entry of the trial court that appellant appeals, raising the following assignments of error:
 THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT COMMITTED THE OFFENSE OF POSSESSION OF MARIJUANA, 2925.11(A) OF THE OHIO REVISED CODE, ON THE 30TH DAY OF DECEMBER, 2000.
 THE STATE OF OHIO FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT COMMITTED THE OFFENSE OF DRUG PARAPHERNALIA 2925.14(C)(1) OF THE OHIO REVISED CODE ON DECEMBER 30, 2000, IN TUSCARAWAS COUNTY, STATE OF OHIO.
THE STATE FAILED TO PROVE VENUE BEYOND REASONABLE DOUBT.
 ADJUDICATION OF APPELLANT-DELINQUENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In the first assignment of error, appellant argues that the State failed to prove beyond a reasonable doubt that appellant committed the offense of possession of marijuana, in violation of R.C. 2925.11(A). We disagree.
Appellant asks us to consider the sufficiency of the evidence. Our standard of review is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." In re Such (Sept. 12, 2001), Tuscarawas App. Nos. 2001AP020009, 2001AP020010, 2001AP020011, unreported, 2001 WL 1082451 (citing State v. Jenks (1991),61 Ohio St.3d 259, 273).
Appellant was convicted of possession of marijuana, in violation of R.C. 2925.11(A). Revised Code 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Appellant was charged with possession of marijuana which is a controlled substance, per R.C. 2925.11(C)(3).
Appellant argues that the State failed to show that the substance allegedly possessed by appellant was sufficiently tested to confirm that it was marijuana and that the arresting police officer, Officer Carr, did not testify that he saw appellant smoking the alleged marijuana. First, there was sufficient evidence presented that the substance in the bag seized from appellant was marijuana. Officer Carr performed a field-test on the substance. The field-test indicated that the substance was marijuana.
The substance in the bag was also tested by James P. Myers. Myers testified that he had worked for the City of Uhrichsville's Police Department for eleven years and is certified by the Ohio Police Officer Training Academy to test for marijuana. In 2000, Myers received his Master's Certification from the Ohio Police Officers Training Academy as an evidence specialist. Myers tested the substance using two methods: a microscopic analysis and a chemical analysis. Both tests showed that the substance was marijuana.
We find the evidence presented by Officer Carr and Myers was sufficient to prove that the substance in the bag, found in appellant's possession, was marijuana.
Second, appellant argues that it is relevant that the arresting officer did not see appellant smoking marijuana. We disagree. The State need only have proved that appellant possessed the marijuana. The arresting officer testified that he found the bag of marijuana in appellant's right pants pocket. We find that the evidence was sufficient to support the conviction for possession of marijuana.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that there was insufficient evidence that appellant possessed drug paraphernalia. We disagree.
As stated previously, when reviewing questions of sufficiency of evidence, our standard of review is whether "after viewing the evidence in the light most favorable to the prosecution, . . . any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." In re Such (Sept. 12, 2001), Tuscarawas App. Nos. 2001AP020009, 2001AP020010, 2001AP020011, unreported, 2001 WL 1082451.
Appellant was convicted under R.C. 2925.14(C)(1), which states that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." Drug paraphernalia is defined as "any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in . . . ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter." R.C. 2925.14(A). "`Drug paraphernalia' includes, but is not limited to, . . . [a]n object, instrument, or device for ingesting, inhaling, or otherwise introducing into the human body, marihuana. . . ." R.C. 2925.14(A)(13). In determining whether an object constitutes drug paraphernalia, a trier of fact may consider the proximity of the object to any controlled substance and expert testimony concerning the use of the object. R.C. 2925.14(B)(2) and (12).
In the case sub judice, appellant was found in possession of rolling papers and a pair of scissors. The papers and scissors were found in appellant's coat pocket. A bag of marijuana was found in appellant's right pants pocket.[1] Further, Lucas Mathews, who was in the car with appellant on the night in question, testified that appellant had been smoking marijuana earlier in the evening.
Lastly, James P. Myers testified for the State. Myers is a criminal justice instructor at the Buckeye Career Center in New Philadelphia, Ohio, and has worked for the Uhrichsville Police Department for eleven years. He holds a Master's Certificate as an evidence specialist from the Ohio Officers Training Academy. Myers testified that rolling papers and scissors are used in rolling marijuana cigarettes.
We find that, when viewed in a light most favorable to the prosecution, the evidence is sufficient. A reasonable trier of fact could have found the essential elements of the crime of possession of drug paraphernalia were proven beyond a reasonable doubt.
Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant argues that the State failed to prove venue beyond a reasonable doubt. Again, we review this argument under a sufficiency standard of review.
Venue is a necessary element to establish the jurisdiction of the trial court. R.C. 2901.12 governs venue. Subsections (A) and (G) state as follows:
 (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
 (G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.
In reviewing this issue, we are permitted to look at the entire record of the trial. State v. Gribble (1970), 24 Ohio St.2d 85, 90; State v.Hatchett (Oct. 15, 2001), Licking App. No. 01CA58, unreported, 2001 WL 1251651.
The arresting officer testified that he found appellant in possession of the marijuana and drug paraphernalia following a traffic stop of the vehicle in which appellant was a passenger. The officer testified that the traffic stop occurred within the City of Uhrichsville, County of Tuscarawas and State of Ohio. It is undisputed that appellant is a minor. Therefore, we find that there was sufficient evidence that venue was proper in the Juvenile Division of the Tuscarawas County Court of Common Pleas. We reject appellant's argument that the State needed to prove where the marijuana was used. As noted in Assignment of Error I, the State need only prove appellant possessed marijuana within the trial court's jurisdiction.
Appellant's third assignment of error is overruled.
 IV
In the fourth assignment of error, appellant contends that the convictions were against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin,20 Ohio App. at 175.
The State presented evidence that appellant possessed marijuana and drug paraphernalia in Uhrichsville, Ohio, on December 30, 2000. The arresting officer testified that he found marijuana, rolling papers and scissors in the possession of appellant. James Meyers, trained as an evidence master and in the testing of marijuana, testified that test results showed that the substance found in a bag in appellant's possession was indeed marijuana and that the rolling papers and scissors also found in appellant's possession are used to roll marijuana cigarettes. Based upon the evidence presented, we cannot find that the trier of fact clearly lost its way and created a miscarriage of justice in convicting appellant of possession of marijuana and drug paraphernalia.
Appellant's fourth assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.
By EDWARDS, J. WISE, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
[1] Neither the substance in the rolled cigarette or the residue on the scissors was tested but appeared to be marijuana. Only the material in the bag in appellant's pant pocket was tested.